KATHRYN COLLARD, #0697
THE LAW FIRM OF KATHRYN COLLARD, L.C.
Nine Exchange Place, Suite 1111
Salt Lake City, UT 84111
Tel: (801) 537-5625

MACON COWLES, #6790 (Colorado)
MACON COWLES & ASSOCIATES, P.C.
1680 Wilson Court
Boulder, Colorado 80304
Tel: (303) 447-3062
*Attorneys for Plaintiffs*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ABBY TISCARENO and GUILLERMO TISCARENO, | **PLAINTIFFS' SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO MOTION TO DISMISS OF DEFENDANTS IHC AND BEERMAN** |
| Plaintiffs, | |
| v. | |
| LORI FRASIER, in her individual capacity; MARION WALKER, in his individual capacity; WILLIAM BEERMAN, in his individual capacity; RICHARD ANDERSON, in his individual and official capacity; DAVID BRICKEY, in his individual capacity; INTERMOUNTAIN HEALTH CARE, in its individual capacity; JOHN and JANE DOES 1-20, in their individual capacities, | Civil No. 2:07-cv-336 Judge Ted Stewart |
| Defendants. | |

Plaintiffs Abby and Guillermo Tiscareno, by and through counsel, and pursuant to

the Court's order during oral argument of Defendants IHC's and Beerman's Motion To

Dismiss on April 10, 2007, hereby submit *Plaintiffs' Supplemental Memorandum In*

*Opposition To Motion To Dismiss of Defendants IHC and Beerman*, regarding the import

of *Pratt v. Nelson*, 2007 UT 41, 164 P.3d 366, in the adjudication of the Motion.

<u>**ARGUMENT**</u>

**POINT I      THE JUDICIAL PROCEEDINGS PRIVILEGE DOES NOT APPLY TO DEFENDANTS IHC'S AND BEERMAN'S FAILURE TO DISCLOSE EXCULPATORY EVIDENCE IN RESPONSE TO AN INVESTIGATIVE SUBPOENA ISSUED BY THE PROSECUTOR IN THE UNDERLYING CRIMINAL CASE**

In *Pratt v. Nelson,* 2007 UT 41, 164 P.3d 366, the Utah Supreme Court held that

to establish absolute immunity under the judicial proceeding privilege, the "statements

must be (1) made during or in the course of a judicial proceeding; (2) have some

reference to the subject matter of the proceeding; and (3) be made by someone acting in

the capacity of judge, juror, witness, litigant, or counsel." *Id*. at ¶¶27-28 (Internal

citations omitted)

This case is not a diversity action. Thus, Plaintiffs agree that *Pratt* has no

application to their *Brady* claim against Defendants IHC and Beerman under 42 U.S.C.

§1983, (Def. Supp. 4, n.1), because the issue of immunity in a federal civil rights case is a

matter of federal law. *Martinez v. California*, 444 U.S. 277, 284, n.8, 100 S.Ct.553, 62

L.Ed. 2d 481 (1980).  Likewise, IHC and Beerman do not contend that *Pratt* contravenes

the federal cases cited by Plaintiffs holding that absolute witness immunity under *Briscoe*

*v. LaHue* does <u>not</u> apply to federal *Brady* claims. *See,* Plaintiffs' Response to Defendants

IHC's and Beerman's Motion to Dismiss, Doc. No. 28, at 9-12, *citing, Imbler v.*

*Pachtman*, 424 U.S. 409, 442-443, 96 S.Ct. 984, 1001 (1976), *Rodriguez v. City of*

*Houston*, Slip Copy, 2007 WL 1189639, *3-5, and *Manning v. Dye* (not reported in F.

2

Supp. 2d), 2003 WL 21704431, *1-2 (N.D. Ill.); *Buckley v. Fitzsimmons,* 509 U.S. 259, 274, 113 S.Ct. 2606, 125 L.Ed.2d 209 (1993); *Bragdon v. Malone,* 425 F. Supp. 2d 1, 3-4 (D. Dist. of Columbia, 2006).

Plaintiffs dispute that the Utah judicial proceeding privilege described in *Pratt* applies under the facts of this case, as IHC and Beerman contend. *See*, Def. Supp. Mem. 4-7. As Defendants observe, Pratt involved a defamation claim. Id. 2-3. In *Pratt*, the Utah Supreme Court observed that, "The common law judicial proceeding privilege immunizes certain statements that are made during a judicial proceeding from defamation claims." The Court indicated that the privilege is "intended to promote the integrity of the adjudicatory proceeding and its truth finding processes…. by facilitating the free and open expression by all participants…[that] will only occur if they are not inhibited by the risk of subsequent defamation suits." *Id*. ¶¶27-31 (Emphasis supplied) (internal quotations omitted).

Although the Utah Supreme Court has extended the judicial proceeding privilege to other claims that are "based upon defamatory publication," including invasion of privacy and intentional interference with economic relations, *Price v. Armour*, 949 P.2d 1251, 1258 (Utah 1997), the Court has never extended the privilege to other types of claims, including *Brady* claims for deprivation of the right to due process of law.

Indeed, the few cases cited by IHC and Beerman, which are not Utah cases, but one case from the Seventh Circuit, one case from the Second Circuit, and one Court of Appeals decision from Minnesota, applying a judicial proceeding privilege, are all cases in which a defendant made statements or produced documents in a judicial proceeding

3

that contained allegedly *defamatory* material, and the courts held that the privilege immunized the defendant against the defamation claim asserted by the plaintiff. *See*, Def. Supp. Mem. 4-7 (citing cases).

Conversely, in the instant case, Plaintiffs' claim against IHC and Beerman is based upon their *non-production* of medical records of the alleged victim of child abuse in the underlying criminal case that were exculpatory of Plaintiff Abby Tiscareno (defendant in the underlying criminal case). Defendants IHC and Beerman failed to produce these medical records in response to a subpoena from the prosecutor requesting the complete medical records of the alleged victim. This non-production violated Plaintiff Abby Tiscareno's right to due process of law under Article I, Section 7 of the Utah Constitution.[1] *See*, Complaint, Count III, ¶¶319-324, Doc. 2. Because this claim is not "based upon defamatory publication," the Utah judicial proceeding privilege discussed in *Pratt* and *Price* has no application and does not immunize IHC and Beerman from liability on this claim.

Thus, in *Tillman v. State of Utah*, 2005 UT 56, 128 P.3d 1123, the Utah Supreme Court held that under *Brady*, the State's *failure to disclose* a partial transcript of interviews of key prosecution witness conducted by police sergeant prior to a murder trial

---

[1]  IHC's and Beerman's claim that during oral argument on the motion, it was suggested that Pratt held that absolute witness immunity may not apply in connection with the *production* of documents pursuant to a subpoena or request, Def. Supp. Mem. 5, is incorrect. Plaintiffs argued that the privilege does not apply to a claim for these Defendants' *non-production* of medical records of the alleged child abuse victim that were exculpatory of Abby Tiscareno in the underlying criminal proceeding in response to a subpoena or official request from the prosecutor for all medical records of the alleged victim.

was sufficient to undermine confidence in the defendant's death sentence, and thus constituted a *Brady* violation, where the prosecutor himself later stated that he was unaware that the recordings of the interviews had been made, thus giving the defendant no reason to believe that there were undisclosed transcripts. The State did not argue and the Utah Supreme Court did not find that the Utah judicial proceedings privilege foreclosed this claim.

Even if the Utah judicial proceedings privilege discussed in *Pratt* applied to this case, which Plaintiffs dispute, under Utah law the burden of proof is on the party claiming the privilege, both with respect to whether a privilege exists and whether the privilege has been waived. *See*, *Zoumadakis v. Uintah Basin Medical Center, Inc*., 2005 UT App. 325, ¶6; 122 P.3d 891(defendant must raise qualified or conditional privilege to defamation); *Lifewise Master Funding v. Telebank*, 206 F.R.D. 298, 302 (D. Utah 2002) (E*Trade must show each document subject to attorney-client or work product privilege). Here, IHC and Beerman have not carried their burden to show that the subject privilege applies.

First, IHC and Beerman have failed to produce any legal authority to demonstrate that the Utah judicial proceeding privilege applies to claims other than those based upon defamatory publication, including Plaintiffs' claim against IHC and Beerman for deprivation of Plaintiff Abby Tiscareno's right to due process of law under Article I, Section 7 of the Utah Constitution, and the Utah Supreme Court's decisions in *Pratt* and *Price* discussed above, at 1-3, are to the contrary.

Second, IHC and Beerman fail to produce any legal authority to support their argument that their *non-production* of medical records subpoenaed by the prosecutor in the underlying criminal case that were exculpatory of plaintiff (there, defendant) Abby Tiscareno, constitutes a "statement" in a judicial proceeding to which the judicial proceedings privilege applies. *See*, Pratt, ¶28; *See also*, Def. Supp. Mem. 4-7.

Third, the judicial proceedings privilege may only be asserted "by someone acting in the capacity of judge, juror, witness, litigant or counsel." *Pratt, Id.* at ¶28. IHC's and Beerman's self-serving representation that they were "acting as a lay witness", Def. Supp. Mem. 4-5, in failing to produce the exculpatory medical records, is nothing but the unsworn, non-evidentiary statement of their counsel. IHC and Beerman wholly fail to articulate how their challenged conduct qualifies them a "lay witness" to which the Utah judicial proceeding privilege applies.

Fourth, IHC's and Beerman's representation that they were acting as a "lay witnesses," is contrary to the allegations of Plaintiff's Complaint, including allegations (1) that IHC employed Defendants Frasier and Walker at the Primary Childrens Medical Center, which IHC owns and receives state funding for its operations; that Frasier and Walker regularly assisted the State in the prosecution of criminal child abuse cases; (2) that Frasier directed the investigation and was the complaining witness for the State in the underlying criminal case; (3) that Frasier and Walker were the State's expert witnesses in the underlying criminal case; (4) that Frasier and Walker knew of the alleged exculpatory medical records but failed to disclose them to the prosecutor prior to the preliminary hearing or the trial in the underlying criminal action; (5) that Beerman had administrative

6

authority within IHC to supervise the disclosure of medical records of victims of child abuse in response to subpoenas from criminal prosecutors; and (6) that IHC and Beerman failed to disclose the alleged exculpatory medical records pursuant to a subpoena from the prosecutor in the underlying criminal action, with the result that Plaintiff Tiscareno was deprived of a fair trial in violation of her Brady due process rights under Article I, Section 7 of the Utah Constitution; and (7) that in failing to produce the exculpatory medical records, Defendants IHC and Beerman acted in concert with the State of Utah, other state actors including Defendant Frasier and the Center for Safe and Healthy Families and/or acted under color of and pursuant to the customs, practices, policies, rules, regulations and/or laws of the State of Utah. *See*, Complaint, Doc. 2, at ¶¶ 1-31, 41-42, 46-47, 51-127, 135-161, 170-193, 197-199, 201-210, 214-221, 224-287, 291-298, 300-324.

As custodians and guardians of the exculpatory medical records and the employers of Defendants Frasier and Walker, it is "plausible" under *Bell Atlantic Corp. v. Twombly*, ___ U.S. ___, 127 S.Ct. 1955, 1974 (2007), that IHC and Beerman acted either independently, or in concert with their employees, the Defendants Frasier and/or Walker, in failing to disclose the exculpatory evidence at issue to the prosecutor.

Because it is Plaintiffs' allegations, rather than the Defendants, that must be taken as true on a motion to dismiss, *See*, *Brokaw v. Salt Lake County*, 2007 WL 2221065 (D. Utah), at *1, the unsupported, unsworn factual allegations of IHC and Beerman that they were acting as "lay witnesses" in failing to produce medical records of the alleged child abuse victim that were materially exculpatory of Plaintiff (there, Defendant) Abby

7

Tiscareno, in response to a investigative subpoena from the prosecutor for all medical records of the victim in the underlying criminal action, are legally insufficient to invoke the judicial proceedings privilege as a defense to Plaintiff's claim that such conduct on the part of IHC and Beerman violated Plaintiff Abby Tiscareno's right to due process under Article I, Section 7, alleged in her Third Cause of Action.

### CONCLUSION

For all of the foregoing reasons, Plaintiffs respectfully request the Court to find that the Utah judicial proceeding privilege does not apply to Plaintiffs' claims against Defendants IHC and Beerman for the violation of Plaintiff Abby Tiscareno's right to due process of law under Article I, Section 7 of the Utah Constitution, such that IHC's and Beerman's motion to dismiss Plaintiffs' claim against them under Article I, Section 7 of the Utah Constitution, based on this privilege, should be denied.

DATED and respectfully submitted this 19th day of April 2008.

COUNSEL FOR PLAINTIFFS:

Kathryn Collard, Esq.
Utah Bar No. 0697
Law Firm of Kathryn Collard, L.C.
4265 South 1400 East, Suite A
Salt Lake City, UT 84111
Tel: (801) 277-2277

Macon Cowles, Esq.
Colorado Bar No. 6790
Macon Cowles & Associates, P.C.
1680 Wilson Court
Boulder, CO 80304
Tel: (303) 447-3062