KATHRYN COLLARD, #0697
THE LAW FIRM OF KATHRYN COLLARD, L.C.
Nine Exchange Place, Suite 1111
Salt Lake City, UT 84111
Tel: (801) 537-5625

MACON COWLES, #6790 (Colorado)
MACON COWLES & ASSOCIATES, P.C.
1680 Wilson Court
Boulder, Colorado 80304
Tel: (303) 447-3062
*Attorneys for Plaintiffs*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ABBY TISCARENO and GUILLERMO TISCARENO, | |
| Plaintiffs, | **PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANT BRICKEY'S MOTION TO STRIKE NOTICE OF SUPPLEMENTAL AUTHORITY SUPPORTING PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANT DAVID L. BRICKEY'S MOTION TO DISMISS** |
| v. | |
| LORI FRASIER, in her individual capacity; MARION WALKER, in his individual capacity; WILLIAM BEERMAN, in his individual capacity; RICHARD ANDERSON, in his individual and official capacity; DAVID BRICKEY, in his individual capacity; INTERMOUNTAIN HEALTH CARE, in its individual capacity; JOHN and JANE DOES 1-20, in their individual capacities, | Civil No. 2:07-cv-336 |
| Defendants. | Judge Ted Stewart |

Plaintiffs, by and through counsel, hereby file Plaintiffs' Memorandum In

Opposition To Defendant Brickey's Motion To Strike Notice of Supplemental Authority

Supporting Plaintiffs' Memorandum In Opposition To Defendant David L. Brickey's

Motion To Dismiss (Docket 21-22).

## ARGUMENT

**I        PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITIES IS PROPER AND BRICKEY'S MOTION TO STRIKE PLAINTIFFS' NOTICE ITSELF CONTAINS ARGUMENT AND IS IN BAD FAITH**

Plaintiffs' Notice of Supplemental Authorities Supporting Plaintiffs'

Memorandum In Opposition to Defendant Brickey's Motion To Dismiss (Docket No. 49)

("Plaintiffs' Notice") is proper and fully complies with DUCivR7-1(b)(5).

Plaintiffs' Notice merely cites the supplemental authorities, identifies the

particular point in Plaintiffs' Memorandum In Opposition to Defendant Brickey's Motion

To Dismiss (Docket 29) each supplemental authority supports, and identifies where such

arguments appear in the Plaintiffs' Memorandum. No argument is presented. (Docket 49)

Although Defendant Brickey argues that Plaintiffs' Notice is improper because it

purportedly "does contains argument" (Def. Mem. 2), Brickey fails to identify any such

"argument." (Def. Mem. 2-3) Thus, his motion to strike this non-existent argument is

without merit and in bad faith.

Defendant Brickey also argues that Plaintiffs' Notice is improper because the

Court has already decided Brickey's motion to dismiss. (Def. Mem. 2)  However,

Brickey does not dispute that the Court, although having indicated its disposition to grant

Brickey's Motion To Dismiss without argument at the outset of oral arguments on the

pending motions to dismiss, had issued no formal opinion or final judgment on Brickey's

Motion To Dismiss at the time Plaintiffs filed their Notice of Supplemental Authorities.

Pursuant to FRCivP 54(b)[1], the Court may change its decision on an interlocutory order at anytime prior to the entry of a final judgment in a multiple claim, multiple party case, such as the instant case. Thus, no final decision or judgment has been entered on Defendant Brickey's Motion To Dismiss, and there was nothing improper in Plaintiffs filing a Notice of Supplemental Authority for the Court's consideration in relation to Brickey's Motion To Dismiss.

Ironically, although Defendant Brickey contends that Plaintiffs improperly present argument in their Notice of Supplemental Authorities, (Def. Mem. 2), Brickey uses his Motion To Strike as a vehicle to improperly present argument on the merits of the supplemental authorities presented by Plaintiffs. (Def. Mem. 2)  Thus, Brickey's Motion To Strike is per se objectionable and in bad faith and should be denied.

---

[1]  **Rule 54. Judgment; Costs**
(a) DEFINITION; FORM. ''Judgment'' as used in these rules includes a decree and any order from which an appeal lies. A judgment should not include recitals of pleadings, a master's report, or a record of prior proceedings.
**(b) JUDGMENT ON MULTIPLE CLAIMS OR INVOLVING MULTIPLE PARTIES**. When an action presents more than one claim for relief —whether as a claim, counterclaim, crossclaim, or third-party claim — or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. **Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities**. (Emphasis supplied)

DATED AND RESPECTFULLY SUBMITTED this 29th day of June, 2008.


THE LAW FIRM OF KATHRYN COLLARD, LC


By: _____

KATHRYN COLLARD
Attorney for Plaintiff

4