## STIRBA & ASSOCIATES
215 SOUTH STATE STREET • SUITE 750
POST OFFICE BOX 810
SALT LAKE CITY, UT 84110-0810

Kathryn Collard
4265 S. 1400 E., Suite A
Salt Lake City, UT. 84124



UNITED STATES POSTAGE
$ 001.17°
PITNEY BOWES
02 1P
0002586699 NOV 10 2008
MAILED FROM ZIPCODE 84111



# STIRBA
AND  ASSOCIATES

A PROFESSIONAL LAW CORPORATION

215 SOUTH STATE STREET • SUITE 750
POST OFFICE BOX 810
SALE LAKE CITY • UTAH 84110-0810
TELEPHONE 801 364-8300
FACSIMILE: 801 364-8355

www.stirbalaw.com

November 4, 2008

*VIA U.S. MAIL*

Kathryn Collard
The Law Firm of Kathryn Collard, LC
Nine Exchange Place, Suite 1111
Salt Lake City, Utah 84111

>   ***Re:***    ***Tiscareno v. Frasier et al.***

Dear Kathryn:

I write to hopefully avert a sticky situation. Simply, the Court has dismissed Mr. Brickey from this case with prejudice. There is no other plausible or arguable reading of the Court's September 29, 2008 Memorandum Decision and Order. As you know, a dismissal with prejudice acts as adjudication on the merits. Notwithstanding, your clients have filed a Motion to Amend/Correct with regard to the dismissed claims that had been asserted against Mr. Brickey.

I am taking the position on behalf of my client that your clients' Motion to Amend/Correct, as against Mr. Brickey, is frivolous, and is presented for an improper purpose, both in violation of Rule 11(b) of the Federal Rules of Civil Procedure. As you likely are aware, if the Court determines that Rule 11(b) has been violated, the Court "may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." Fed. R. Civ. P. 11(c)(1).

Accordingly, in compliance with Fed. R. Civ. P. 11(c)(2), enclosed is a Motion for Sanctions and Supporting Memorandum describing the specific conduct that violates Rule 11(b). As Rule 11 contemplates, this Motion will not be filed or presented to the Court so long as your clients' Motion to Amend/Correct with regard to Mr. Brickey is withdrawn or appropriately corrected within 21 days. Otherwise, if your clients adhere to an unsupportable position and will not withdraw or correct the Motion to Amend/Correct with regard to Mr. Brickey, I will be forced to file the enclosed Motion for Sanctions.

As always, if you have any questions please feel free to give me a call.



STIRBA
AND ASSOCIATES

Thanks,

STIRBA & ASSOCIATES

MEB W. ANDERSON

MA/

cc:     David Brickey

PETER STIRBA (Bar No. 3118)
MEB W. ANDERSON (Bar No. 10227)
**STIRBA & ASSOCIATES**
215 South State Street, Suite 750
P.O. Box 810
Salt Lake City, Utah 84110-0810
Telephone: (801) 364-8300
Facsimile: (801) 364-8355
E-mail: manderson@stirbalaw.com

Attorneys for Defendant David Brickey

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | | |
|---|---|---|
| ABBY TISCARENO, *et al.*, | : | **DEFENDANT DAVID BRICKEY'S MOTION FOR RULE 11(b)** |
| Plaintiffs, | : | **SANCTIONS** |
| v. | : | Civil No. 2:07CV00336 |
| LORI FRASIER, *et al.*, | : | Judge Clark Waddoups |
| Defendants. | : | |
| | : | |

Mr. David Brickey, by and through undersigned counsel, hereby files a Motion for Rule 11(b) Sanctions. This Motion is based on the grounds that plaintiffs have filed a frivolous Motion to Amend/Correct with regard to Mr. Brickey. Further, plaintiffs' Motion to Amend/Correct with regard to Mr. Brickey is filed against Mr. Brickey for an improper purpose, as the claims brought against Mr. Brickey have been fully adjudicated. Accordingly, Mr. Brickey requests an appropriate sanction against plaintiff and/or plaintiffs' counsel.

DATED this 25th day of November 2008.

**STIRBA & ASSOCIATES**

By:    /s/ Meb W. Anderson
        PETER STIRBA
        MEB W. ANDERSON
        Attorneys for Defendant David Brickey

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 25th day of November 2008, I caused to be served a true copy of the foregoing **DEFENDANT DAVID BRICKEY'S MOTION FOR RULE 11(b) SANCTIONS** by the method indicated below, to the following:

Kathryn Collard
LAW FIRM OF KATHRYN COLLARD
LC
4265 S 1400 E STE A
SALT LAKE CITY, UT 84124-2543

( ) U.S. Mail, Postage Prepaid
( ) Hand Delivered
( ) Facsimile
(X) E-file

Macon Cowles
MACON COWLES & ASSOC
1680 WILSON CT
BOULDER, CO 80304

( ) U.S. Mail, Postage Prepaid
( ) Hand Delivered
( ) Facsimile
(X) E-file

Andrew M. Morse
SNOW CHRISTENSEN & MARTINEAU
10 EXCHANGE PLACE 11TH FLOOR
PO BOX 45000
SALT LAKE CITY, UT 84145-5000

( ) U.S. Mail, Postage Prepaid
( ) Hand Delivered
( ) Facsimile
(X) E-file

Charles W. Dahlquist, II
KIRTON & MCCONKIE
60 E SO TEMPLE STE 1800
SALT LAKE CITY, UT 84111-1004

( ) U.S. Mail, Postage Prepaid
( ) Hand Delivered
( ) Facsimile
(X) E-file

Joni J. Jones
UTAH ATTORNEY GENERAL'S
OFFICE (160-6-140856)
160 E 300 S 6TH FL
PO BOX 140856
SALT LAKE CITY, UT 84114-0856

( ) U.S. Mail, Postage Prepaid
( ) Hand Delivered
( ) Facsimile
(X) E-file

  /s/  Meb W. Anderson

3

PETER STIRBA (Bar No. 3118)
MEB W. ANDERSON (Bar No. 10227)
**STIRBA & ASSOCIATES**
215 South State Street, Suite 750
P.O. Box 810
Salt Lake City, Utah 84110-0810
Telephone: (801) 364-8300
Facsimile: (801) 364-8355
E-mail: manderson@stirbalaw.com

Attorneys for Defendant David Brickey

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | | |
|---|---|---|
| ABBY TISCARENO, *et al.*, | : | **DEFENDANT DAVID BRICKEY'S MEMORANDUM IN SUPPORT OF MOTION FOR RULE 11(b) SANCTIONS** |
| Plaintiffs, | : | |
| v. | : | |
| LORI FRASIER, *et al.*, | : | Civil No. 2:07CV00336 |
| Defendants. | : | Judge Clark Waddoups |
| | : | |

Defendant David Brickey, by and through undersigned counsel, hereby files this Memorandum in Support of his Motion for Rule 11(b) Sanctions.

### BACKGROUND

1.      On May 22, 2007, plaintiffs filed suit against Defendant Brickey, amongst others.   (Docket No. 2., Compl.)

2.      On October 10, 2007, Defendant Brickey filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6).  (Docket No. 21.)  Other defendants filed similar motions to dismiss.

3. On April 10, 2008, a hearing was held on a number of the Defendants' Motions to Dismiss. At the outset of the hearing the Court, without even hearing oral argument on Defendant Brickey's Motion to Dismiss, granted Defendant Brickey's Motion to Dismiss in its entirety. (Docket No. 44.)

4. On September 29, 2008, this Court issued a Memorandum Decision and Order Dismissing Defendant Brickey with prejudice, adjudicating on the merits that plaintiffs failed to state a claim against Defendant Brickey as "he is entitled to absolute immunity for all actions alleged in the Complaint." (Docket No. 61, at page 28.) The Court's Order continued, "[b]ased on the foregoing, it is therefore . . . ORDERED that Brickey's Motion to Dismiss (Docket No. 21) is GRANTED and all claims against him are DISMISSED." (Docket No. 61, page 32.)

5. Plaintiffs filed a First Motion to Amend/Correct Complaint, attempting in part to restate the dismissed claims against Defendant Brickey. With regard to Defendant Brickey, plaintiffs Motion not only ignores this Court's September 29, 2008 Memorandum Decision and Order, but in fact misconstrues and attempts to circumvent the express Order of the Court, which is clearly that Defendant Brickey is dismissed with prejudice. (Docket No. 62.)

6. On November 4, 2008, counsel for Mr. Brickey complied with Rule 11(b) and served counsel for plaintiffs under Fed. R. Civ. P. 5 with a copy of the instant Motion for Rule 11(b) Sanctions. Plaintiffs have failed to withdraw or correct their Motion to Amend/Correct as it applies to Mr. Brickey.

## ARGUMENT

**I.    Plaintiffs' Motion to Amend/Correct is Frivolous and/or Has Been**

**Presented For An Improper Purpose.**

This Court's September 29, 2008 Memorandum Decision & Order dismisses Defendant Brickey from this action with prejudice. At least as to Defendant Brickey, this Court's Order acts as a final adjudication on the merits. Fed. R. Civ. P. 41(b) states that: "Unless the dismissal order states otherwise . . . any dismissal . . . except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 - - operates as an adjudication on the merits." Fed. R. Civ. P. 41(b). It has been long recognized that Fed. R. Civ. P. 41 expressly indicates that "[u]nless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision . . . operates as an adjudication on the merits (i.e., is with prejudice)." *Pelt v. Utah*, 539 F.3d 1271 at n. 4 (10th Cir. 2008).

This Court's September 29, 2008 Order clearly states, after thorough analysis, that: "Plaintiff fails to state a claim for relief under § 1983 against Brickey because, considering all of the allegations as true, he is entitled to absolute immunity for all actions alleged in the Complaint. . . . The Court finds that the prosecutor's common law immunity applies equally to the claims under the due process clause of the Utah Constitution." (Docket No. 61, page 28.) The Court's Order continues, "[b]ased on the foregoing, it is therefore . . . ORDERED that Brickey's Motion to Dismiss (Docket No. 21) is GRANTED and all claims against him are DISMISSED." (Docket No. 61, page 32.)

3

Last year, in 2007, the Tenth Circuit relied upon Rule 41, and the Supreme Court

of the United States' 2001 *Semtek* decision as the absolute authority indicating that

whenever a dismissal for failure to state a claim does not specifically indicate it is

***without prejudice***, then such dismissal is in fact always ***with prejudice***.  The Tenth

Circuit held that:

> Because the district court in this case did not specify the nature of its
> dismissal order, we must rely on background principles under Rule 41(b),
> and they firmly instruct that "[u]nless the court in its order for dismissal
> otherwise specifies," a district court's dismissal will be treated as
> adjudicating the merits of the action-and thus a dismissal with  prejudice.
> *See* Fed. R. Civ. P. 41(b); *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531
> U.S. 497, 505-06, 121 S.Ct. 1021, 149 L.Ed.2d 32 (2001).

*Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d

1158, 1162 (10th Cir. 2007).

Even prior to the Supreme Court's binding *Semtek* decision, there was little

dispute amongst the other Circuit Courts for the simple proposition that unless expressly

indicated, a district court's Rule 12(b)(6) dismissal will be treated as adjudicating the

merits of the action, and thus is a dismissal ***with prejudice***.  *See Lyell Theatre Corp. v.*

*Loews Corp.*, 682 F.2d 37 (2nd Cir. 1982) (holding that a Rule 12(b)(6) dismissal

operates as an adjudication on the merits with prejudice unless otherwise specified);

*Keenan v. Bennett*, 613 F.2d 127 (5th Cir. 1980) (same); *Cemer v. Marathon Oil Co.*, 583

F.2d 830 (6th Cir. 1978) (same); *Ma Chuck Moon v. Dulles*, 237 F.2d 241 (9th Cir.

1956), *certiorari denied* 352 U.S. 1002 (same); *Bowles v. Biberman Bros.*, 152 F.2d 700

(3d Cir. 1945) (same).

4

There is no legitimate reason for plaintiffs' disregard of the fact that this Court's September 29, 2008 Memorandum Decision and Order was an adjudication on the merits with regard to Defendant Brickey, and in fact dismissed Defendant Brickey with prejudice. Given the express and easily found authority cited herein, there is no arguable position otherwise. Despite this fact, Plaintiffs have refused, for whatever reason, to withdraw or correct their frivolous and legally insufficient Motion to Amend/Correct. Simply, at least with regard to Defendant Brickey the Motion to Amend/Correct is frivolous, and can have been filed, and maintained, for no reason other than to harass, cause unnecessary delay, or needlessly increase the cost of litigation. Any of these reasons is conduct worthy of appropriate sanctions.

DATED this 25th day of November 2008.

**STIRBA & ASSOCIATES**

By: ___/s/ Meb W. Anderson_____
  PETER STIRBA
  MEB W. ANDERSON
  Attorneys for Defendant David Brickey

5

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 25th day of November 2008, I caused to be served a true copy of the foregoing **DEFENDANT DAVID BRICKEY'S MEMORANDUM IN SUPPORT OF MOTION FOR RULE 11(b) SANCTIONS** by the method indicated below, to the following:

Kathryn Collard
LAW FIRM OF KATHRYN COLLARD
LC
4265 S 1400 E STE A
SALT LAKE CITY, UT 84124-2543

( ) U.S. Mail, Postage Prepaid
( ) Hand Delivered
( ) Facsimile
(X) E-file

Macon Cowles
MACON COWLES & ASSOC
1680 WILSON CT
BOULDER, CO 80304

( ) U.S. Mail, Postage Prepaid
( ) Hand Delivered
( ) Facsimile
(X) E-file

Andrew M. Morse
SNOW CHRISTENSEN & MARTINEAU
10 EXCHANGE PLACE 11TH FLOOR
PO BOX 45000
SALT LAKE CITY, UT 84145-5000

( ) U.S. Mail, Postage Prepaid
( ) Hand Delivered
( ) Facsimile
(X) E-file

Charles W. Dahlquist, II
KIRTON & MCCONKIE
60 E SO TEMPLE STE 1800
SALT LAKE CITY, UT 84111-1004

( ) U.S. Mail, Postage Prepaid
( ) Hand Delivered
( ) Facsimile
(X) E-file

Joni J. Jones
UTAH ATTORNEY GENERAL'S
OFFICE (160-6-140856)
160 E 300 S 6TH FL
PO BOX 140856
SALT LAKE CITY, UT 84114-0856

( ) U.S. Mail, Postage Prepaid
( ) Hand Delivered
( ) Facsimile
(X) E-file

/s/  Meb W. Anderson