DAVID G. WILLIAMS (3481)
ANDREW M. MORSE (4498)
SNOW, CHRISTENSEN & MARTINEAU
Attorneys for Defendants Lori Frasier
  and Marion Walker
10 Exchange Place, Eleventh Floor
Post Office Box 45000
Salt Lake City, Utah  84145
Telephone:  (801) 521-9000
Fax No.:  (801) 363-0400

_____

### IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

### CENTRAL DIVISION

_____

| | |
|---|---|
| ABBY TISCARENO and GUILLERMO TISCARENO | ) ) ) ) ) |
| Plaintiffs, | ) **DEFENDANT LORI FRASIER'S** ) **MEMORANDUM IN OPPOSITION** |
| vs. | ) **TO PLAINTIFFS' MOTION TO** ) **STRIKE INSUFFICIENT** |
| LORI FRASIER, in her individual capacity; MARION WALKER, in his individual capacity; WILLIAM BEERMAN, in his individual capacity; RICHARD ANDERSON, in his individual and official capacity; DAVID BRICKEY, in his individual capacity; INTERMOUNTAIN HEALTH CARE, in its individual capacity; JOHN and JANE DOES 1-20, in their individual capacities, | ) **DEFENSES AND FOR SANCTIONS** ) ) ) ) Case No. 2:07-CV-00336-CW ) ) ) ) Judge Clark Waddoups ) ) Magistrate Judge David Nuffer |
| Defendants. | ) ) ) |

### INTRODUCTION

Plaintiffs have moved to strike Defendant Frasier's affirmative defenses pursuant to Fed.

R. Civ. P. 12(f) because she did not provide a factual or legal basis for each defense in her

answer.  This motion fails for three reasons.  First, plaintiffs' motion is untimely pursuant to

Rule 12(f)(2).  Second, Rule 8(c) governs affirmative defenses and it only requires a defendant to

assert affirmative defenses, not to provide a factual or legal basis for them.  Third, plaintiffs'

motion subverts the current scheduling order (which allows for fact discovery relating to claims

and affirmative defenses through March 2012) and the notion of notice pleading.  In effect, by

this motion, plaintiffs seek the factual basis for the defenses, rather than using interrogatories and

depositions to discover these facts.  The rules of civil procedure, however, allow Defendant

Frasier to assert affirmative defenses.  Striking them now, outside of rule 56, would be

premature.  For these reasons, Plaintiffs' motion to strike should be denied.

Plaintiffs have also moved for sanctions, under 28 U.S.C. § 1927, against Defendant

Frasier's counsel because they have not withdrawn her affirmative defenses.  This section allows

the court to sanction lawyers who unreasonably and vexatiously multiply proceedings.  Plaintiffs

claim Defendant Frasier's counsel has unreasonably multiplied proceedings by not withdrawing

affirmative defenses pursuant to Magistrate Judge Nuffer's August 25, 2011 Order.  The Order

does not require Defendant Frasier to withdraw any affirmative defenses.  To the contrary, it

states, "Within seven days the defendants shall designate any defenses they will withdraw."

Moreover, Defendant Frasier's counsel has not multiplied the proceedings in this matter.  Rather,

Plaintiffs have multiplied the proceedings by filing this frivolous and untimely motion.  For these

reasons, Plaintiffs' motion for sanctions should be denied.

## STATEMENT OF FACTS

1.      On May 22, 2007, Plaintiffs filed their Complaint.  *See* Docket, #2.

2.      On September 18, 2007, Defendants Lori Frasier and Marion Walker filed their

Answer.  *See* Docket, #15.

3.      On December 3, 2008, Plaintiffs filed their Amended Complaint.  *See* Docket, #79.

4.      On December 23, 2008, Defendants Lori Frasier and Marion Walker filed their Answer.  *See* Docket, #86.

5.      On August 25, 2011, the Court entered a Scheduling Order in this matter.  This Scheduling Order provides for Fact Discovery to be completed by March 30, 2012.

6.      The following day, Magistrate Judge Nuffer amended the Scheduling Order to include the following: "The following language was omitted from the orders entered August 24, 2011 and is now ordered of record: "Within seven days the defendants shall designate any defenses they will withdraw."  *See* Docket, #137.

7.      On October 24, 2011, Plaintiffs filed the present Motion to Strike pursuant to Fed. R. Civ. P. 12(f) and for Sanctions arguing that "certain of Defendant Frasier's affirmative defenses are factually or legally insufficient or redundant and should be stricken under Rule 12(f)."  Memo. in Supp., at 3.  Specifically, they assert that the following defenses should be stricken for the following reasons:

- #5-8, Collateral Estoppel, Res Judicata, Judicial Estoppel, and Apportionment of Fault ("without referring to the judicial proceeding or decision from which each of these defenses purportedly arise", Memo. in Supp., at 3)

- #9, Failure to Exhaust Remedies ("without referring to the particular remedy or remedies Plaintiff purportedly failed to exhaust", Memo. in Supp., at 3)

- #10, Third Parties were Proximate Cause ("without identifying the "third parties", Memo. in Supp., at 3)

- #11, Acting in Good Faith/Reasonable ("without identifying "acts of Defendants" or the "circumstances" referred to in this defense", Memo. in Supp., at 4)

- #12, Defendants did not violate rights ("Redundant of Defense 2", Memo. in Supp., at 4)

- #13, Governmental Immunity Act ("without identifying the specific immunities and conditions precedent of the Act referenced in this defense", Memo. in Supp., at 4)

- #14, State constitutional claims barred/limited by U.C.A. § 63-30d-301, et seq. ("without any facts showing why Plaintiffs' state constitutional claims are barred or limited by these provisions", Memo. in Supp., at 5)

- #15, Timely Notice of Claim ("Utah Supreme Court has ruled that the Act has no application to Plaintiffs' state constitutional claims", Memo. in Supp., at 5)

- #16, No Substantive Difference State/Federal Constitution ("fails to cite any legal authority requiring Plaintiffs to plead the facts set forth in this defense", Memo. in Supp., at 6)

- #17, No damages for state constitutional violation ("Plaintiffs may obtain damages arising from the violation of a self-executing provision of the Utah Constitution", Memo. in Supp., at 6)

- #18, Mitigate Damages ("without any facts indicating what Plaintiffs failed to do", Memo. in Supp., at 6)

- #19, Child Abuse Reporting Act bar ("without providing any facts indicating which of Plaintiffs' claims are barred", Memo. in Supp., at 6)

- #20, Conduct complied with Reasonable Physician ("without identifying or describing "the acts taken by Defendants" referred to in this defense", Memo. in Supp., at 7)

- #21, Subject Matter Jurisdiction ("without any factual support", Memo. in Supp., at 7)

- #22, Plaintiffs' acts violated state law ("without alleging the specific Defendants' actions", Memo. in Supp., at 7).

8.      Plaintiffs allege that counsel for Defendants IHC and Beerman has engaged in the same conduct as Defendant Frasier's counsel:

> Mr. Robert Wallace, counsel for Defendants IHC and Beerman candidly admitted to the Court during the Initial Pretrial Conference that he had simply copies the affirmative defenses asserted in Defendant Frasier's Answer and indicated he would review these defenses and advise Plaintiffs' counsel which of these defenses would be withdrawn by Defendants IHC and Beerman.

*   *   *

4

> [t]o date, neither Defendant Frasier's counsel, nor counsel for IHC, Beerman and Anderson, have advised Plaintiffs' counsel of their agreement to withdraw any of their factually and legally insufficient defenses.

Memo. in Supp., ¶ 7, and p. 8.

9.     Despite alleging identical conduct, Plaintiffs have not moved to strike

Defendants' IHC's and Beerman's affirmative defenses or for sanctions against their counsel.

## ARGUMENT

### I.     PLAINTIFFS' RULE 12(f) MOTION TO STRIKE FAILS BECAUSE IT IS UNTIMELY.

Fed. R. Civ. P. 12(f) provides:

> The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.  The court may act:
>
> (1) on its own; or
>
> (2) on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading.

*Id.*  Plaintiffs have moved the Court to strike all the affirmative defenses raised by Defendant

Frasier.  Plaintiffs are not entitled to respond to Defendant's Answer; therefore, pursuant to Rule

12(f)(2), this motion must be made within 21 days of being served with Defendant Frasier's

answer.  Defendant Frasier served Plaintiffs with her answer to their amended complaint on

December 23, 2008.  Because Plaintiffs failed to file their Rule 12(f) motion by January 13,

2009, within 21 days of receipt of Defendant Frasier's answer, their motion is untimely and

should be denied on this basis alone.

## II.     PLAINTIFFS' RULE 12(f) MOTION TO STRIKE FAILS BECAUSE DEFENDANT FRASIER COMPLIED WITH THE REQUIREMENTS FOR AFFIRMATIVE DEFENSES UNDER RULE 8(c).

Even if Plaintiffs' Rule 12(f) motion to strike had been timely filed 2-3/4 years ago, it

would have failed on the merits.  "Motions to strike under Fed. R. Civ. P. 12(f) are viewed with

disfavor and are infrequently granted."  *Lunsford v. U.S.*, 570 F.2d 221, 229 (8th Cir. 1977);

*quoting* 5 Wright and Miller, Federal Practice and Procedure: Civil § 1380 at 783 (1969).

Plaintiffs seek to strike certain affirmative defenses asserted by Defendant Frasier in her answer.

"A motion to strike a defense will be denied if the defense is sufficient as a matter of law or if it

fairly presents a question of law or fact which the court ought to hear." *Id.*, *quoting* 2A Moore's

Federal Practice ¶ 12.21 at 2437 (2d ed. 1975).

> Fed. R. Civ. P. 8(c) governs affirmative defenses:
>
> In responding to a pleading, a party must affirmatively state any avoidance or affirmative defenses, including: accord and satisfaction, arbitration and award, assumption of risk, contributory negligence, duress, estoppel, failure of consideration, fraud, illegality, injury by fellow servant, laches, license, payment, release, res judicata, statute of frauds, statute of limitations, and waiver.

*Id.*  "[T]he liberal pleading rules established by the Federal Rules of Civil Procedure apply to the

pleading of affirmative defenses."  *Creative Consumer Concepts, Inc. v. Kreisler*, 563 F.3d 1070,

1076 (10th Cir. 2009) (citations omitted).  "Rule 8(c)'s ultimate purpose is simply to guarantee

that the opposing party has notice of any additional issue that may be raised at trial."  *Id.*

(Citations omitted).

Plaintiffs argue that "certain of Defendant Frasier's affirmative defenses are factually or

legally insufficient or redundant and should be stricken under Rule 12(f)."  Memo. in Supp., at 3.

However, Rule 8(c) does not require defendants to provide a factual or legal basis for affirmative

defenses.  It requires only that the defendant list each affirmative defense.  Defendant Frasier did

exactly this in her answer; therefore, the motion to strike fails.

Plaintiffs argue that Rule 8(b)(1) requires defendants to provide the legal and factual

basis for each affirmative defense.  This is incorrect.  Rule 8(b)(1) pertains only to a defendant's

response to a plaintiffs' claims, not affirmative defenses (which are governed by Rule 8(c)), and

it only requires a party to "state in short and plain terms its defenses to each claim asserted

against it."  Defendant Frasier did this in the Second Defense of her answer.  Plaintiffs' attempt

to impose a duty upon Defendants to set forth the factual and legal basis for each affirmative

defense is not contained in Rule 8(c); therefore, the motion to strike should be denied.

### III.    PLAINTIFFS' RULE 12(f) MOTION FAILS BECAUSE IT SUBVERTS THE SCHEDULING ORDER AND THE PURPOSE OF DISCOVERY.

Plaintiffs' argument for striking all of Defendant Frasier's affirmative defenses also fails

because it imposes a duty of proving defenses prior to the close of discovery.  No rule of civil

procedure imposes such a burden on defendants.  To the contrary, the rules of civil procedure

establish a period of time during which Plaintiffs can discover facts pertaining to Defendant

Frasier's affirmative defenses.  "The purpose of discovery is to allow a broad search for facts, the

names of witnesses, or any other matters which may aid a party in the preparation or presentation

of his case."  Fed. R. Civ. P. 26, Advisory Comm. Note to Subdivision (b).  The current fact

discovery deadline is March 30, 2012.  Thus, for the next 6 months, Plaintiffs may discover facts

pertaining to Defendant Frasier's affirmative defenses and file a motion for summary judgment if

they believe these defenses lack sufficient factual and/or legal foundation.

Finally, the method of disposing of affirmative defenses available to Plaintiffs is by

summary judgment, not a Rule 12(f) motion to strike.  Rule 56(a) provides the method for a

plaintiff to obtain judgment on affirmative defenses asserted by a defendant. It provides, "A

party may move for summary judgment, identifying each claim or defense … on which summary

judgment is sought." *Id.* However, Plaintiffs have not moved for summary judgment on the

affirmative defenses raised by Defendant Frasier. Moreover, summary judgment would be

premature at present because Defendant Frasier has until March 30, 2012 to discover evidence in

support of her affirmative defenses pursuant to the current scheduling order and she would also

be entitled to pursue additional time, if necessary, pursuant to Rule 56(d). For these reasons,

Plaintiffs' motion to strike should be denied.

**IV. SANCTIONS ARE NOT APPROPRIATE UNDER 28 U.S.C. § 1927 BECAUSE DEFENDANT FRASIER'S COUNSEL HAS NOT UNREASONABLY OR VEXATIOUSLY MULTIPLIED PROCEEDINGS IN THIS CASE.**

Plaintiffs argue that Defendant Frasier's counsel should be sanctioned for not

withdrawing the defenses subject to the Motion to Strike pursuant to 28 U.S.C. § 1927. This

section provides:

> Any attorney or other person admitted to conduct cases in any court of the United
> States or any Territory thereof who so multiplies the proceedings in any case
> unreasonably and vexatiously may be required by the court to satisfy personally
> the excess costs, expenses, and attorneys' fees reasonably incurred because of
> such conduct.

*Id.* "Sanctions under § 1927 are appropriate when an attorney acts "recklessly or with

indifference to the law." *Dominion Video Satellite, Inc. v. Echostar Satellite, L.L.C.*, 430 F.3d

1269, 1278 (10th Cir. 2005) (citations omitted). "They may also be awarded "when an attorney is

cavalier or bent on misleading the court; intentionally acts without a plausible basis; [or] when

the entire course of the proceedings was unwarranted." *Id.* (Citations omitted).

8

Plaintiffs do not contend that Defendant Frasier's counsel has multiplied proceedings by not withdrawing certain affirmative defenses. However, withdrawal of these defenses was neither required by the rules of civil procedure or the court. Even if withdrawal of these defenses had been required, Defendant Frasier's counsel's actions in this regard do not amount to unreasonable or vexatious multiplication of proceedings. Plaintiffs imply that Defendant Frasier's counsel has multiplied proceedings by violating Magistrate Judge Nuffer's August 26, 2011 order. However, this order states only "Within seven days the defendants shall designate any defenses they will withdraw." *See* Docket, #137. It did not require Defendant Frasier's counsel to withdraw any affirmative defenses. In fact, it did not even require Defendant Frasier's counsel to respond if they chose not to withdraw any affirmative defenses.

A close inspection of *Dominion Video* illustrates when an award of sanctions under § 1927 would be appropriate. In *Dominion Video*, the sanctioned attorneys "filed [] motions and briefs in opposition to confirmation of the award, to vacate the award, and in opposition to attorneys' fees." *Dominion Video Satellite, Inc. v. Echostar Satellite, L.L.C.*, 430 F.3d 1269, 1279 (10th Cir. 2005). "[T]he arguments presented … were completely meritless and therefore the course of proceedings was unwarranted … these attorneys need not have filed lengthy briefs at every stage of the arbitration and court proceedings in order to preserve EchoStar's arguments for appeal." *Id.* Defendant Frasier's counsel has done nothing comparable to the attorneys in *Dominion Video*. Defendant Frasier's counsel has not filed any frivolous motions or briefs. By contrast, plaintiffs have needlessly multiplied proceedings by filing this meritless motion to strike rather than serving interrogatories requesting the factual basis for Defendant Frasier's affirmative defenses. For these reasons, sanctions pursuant to § 1927 are not warranted.

9

## V.      ABANDONED AFFIRMATIVE DEFENSES

Although it has taken longer than expected, Defendant Frasier, after consulting with

counsel, will abandon two affirmative defenses:  No. 9 (Failure to Exhaust Remedies); and No.

21 (No Subject Matter Jurisdiction).  Defendant's counsel apologizes to Plaintiffs' counsel for

the delay.

### CONCLUSION

For the reasons set forth above, the Court should deny Plaintiffs' Motion to Strike

Insufficient Defenses and for Sanctions.


DATED this 28th day of October, 2011.

SNOW, CHRISTENSEN & MARTINEAU


_____s/ Andrew M. Morse_____
David G. Williams
Andrew W. Morse
Attorneys for Defendants Lori Frasier and
Marion Walker

## CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of October, 2011, I electronically filed
**DEFENDANT LORI FRASIER'S MEMORANDUM IN OPPOSITION TO PLAINTIFFS'
MOTION TO STRIKE INSUFFICIENT DEFENSES AND FOR SANCTIONS** with U.S.
District Court and thereby served the following parties via the Court's ECF System, including:

Kathryn Collard kathryncollard@gmail.com

Macon Cowles macon.cowles@comcast.net

Charles W. Dahlquist, II cdahlquist@kmclaw.com

Robert R Wallace rwallace@kmclaw.com

David J. Hardy dhardy@kmclaw.com

Michael D. Johnson mjohnson@kmclaw.com

Joni J. Jones jonijones@utah.gov

                                    s/ Kathy Pickett_____