IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ABBY TISCARENO, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>LORI FRASIER, et al.,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER DENYING DEFENDANT RICHARD ANDERSON'S MOTION FOR RULE 54(b) CERTIFICATION**<br><br>Case No.  2:07-CV-336<br><br>Judge Clark Waddoups |

Following the court's Memorandum Decision and Order dated April 19, 2012 dismissing Plaintiffs' state constitutional claims against Defendant Richard Anderson [Dkt. No. 209], Mr. Anderson, through counsel, filed a Motion for Rule 54(b) Certification [Dkt. No. 212]. Mr. Anderson's motion ultimately rests upon the argument that "[e]ntry of a final judgment in favor of Richard Anderson will prevent the prejudice to him that would be caused by requiring him possibly to wait several years before a final disposition in this case occurs." (Def. Anderson's Mem. Supp. Mot. 54(b) Cert., 3) [Dkt. No. 213].

Co-defendant Lori Frasier, through counsel, opposed Mr. Anderson's motion. [Dkt. No. 219.] Dr. Frasier argues that "the lack of finality alone, when all claims against the defendant have been dismissed, does not meet the requisite hardship required for Rule 54(b) certification." (Def. Frasier's Opp. Mot. for Rule 54(b) Cert., 10) [Dkt. No. 219] (citing *Ulibarri v. City & County of Denver*, No. 07-cv-01814-WDM-MJW, 2011 U.S. Dist. LEXIS 41002 (D. Colo. Apr. 6, 2011)). The court agrees and, therefore, need not address Dr. Frasier's other arguments as to

the separability of the claims against Mr. Anderson from Plaintiffs' still pending claims against Dr. Frasier.

"Rule 54(b) entries are not to be made routinely." *Okla. Turnpike Auth. v. Bruner*, 259 F.3d 1236, 1242 (10th Cir. 2001) (internal quotations and citations omitted). The court finds this especially to be the case where, as here, there is significant risk that granting the motion for Rule 54(b) certification could unnecessarily prolong an already years-long litigation process between the parties. Such an outcome would be entirely contrary to "the limited purpose of protecting litigants from undue hardship and delay" underlying Rule 54(b)'s partial final judgment mechanism. *Jordan v. Pugh*, 425 F.3d 820, 829 (10th Cir. 2005).

Here, as in *Ulibarri*, Mr. Anderson has filed the motion for 54(b) certification "not for the purpose of commencing an appeal but rather, apparently, simply to have finality." *Ulibarri*, 2011 U.S. Dist. LEXIS 41002 at *2. Mr. Anderson has not made a convincing showing that this is one of the "infrequent harsh case[s]" in which Rule 54(b) certification would provide "recourse for litigants when dismissal of less than all their claims will create undue hardships." *Gas-A-Car, Inc. v. American Petrofina, Inc.*, 484 F.2d 1102, 1105 (10th Cir. 1973). Dr. Frasier, on the other hand, points out that granting Mr. Anderson's motion could result in significant hardship for her and other parties. If the motion were granted, "Plaintiffs would be forced to decide now whether to pursue an appeal of the Court's April 19, 2012 Order. If they were to do so either Plaintiffs would have to litigate both this case and the partial appeal simultaneously, or Dr. Frasier and the other remaining Defendants would be forced to endure another lengthy stay in the case." (Def. Frasier's Opp. Mot. for Rule 54(b) Cert., 10) [Dkt. No. 219].

Balancing either outcome against Mr. Anderson's lack of finality results in a finding that the other parties could face greater hardship than Mr. Anderson if the court granted Mr.

Anderson's motion. In fact, "Dr. Frasier and the other remaining Defendants have already experienced an approximately year and a half stay in the proceedings during the pendency of Mr. Anderson's December 29, 2009 appeal." *Id.* The prospect of another similar stay should Plaintiffs decide they need to appeal the April 19, 2012 order as to Mr. Anderson at this time would undermine judicial economy, especially where, as here, the hardship potentially faced by the other parties outweighs any prejudice of the delay on Mr. Anderson.

Accordingly, the court DENIES Defendant Richard Anderson's Motion for Rule 54(b) Certification [Dkt. No. 212].

SO ORDERED this 5th day of November, 2012.

BY THE COURT:

_____
Clark Waddoups
United States District Judge