IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ABBY TISCARENO, GUILLERMO TISCARENO, <br><br> Plaintiffs, <br><br> v. <br><br> LORI FRASIER, et al. <br><br> Defendants. | MEMORANDUM DECISION AND ORDER <br><br> Case No. 2:07-cv-00336-CW-DBP <br><br> District Judge Clark Waddoups <br><br> Magistrate Judge Dustin Pead |

**I. INTRODUCTION**

This matter was referred to the Court under 28 U.S.C. § 636(b)(1)(A). Plaintiffs in this case are Abby and Guillermo Tiscareno. Defendants relevant to this decision are: (1) Intermountain Health Care ("IHC"); (2) Intermountain Health Services, which does business as Primary Children's Medical Center ("PCMC"); (3) Dr. Lori Frasier, a PCMC employee ("Defendant Frasier"); (4) Dr. Marion Walker, a PCMC employee; and (5) William Beerman ("Defendant Beerman"), who was the PCMC director of patient administration during the time period set forth in Plaintiffs' complaint.

District Judge Ted Stewart provided a factual summary of the case, which involves Plaintiff Abby Tiscareno's criminal prosecution for felony child abuse of a 14-month-old child named N.M., and exculpatory evidence about N.M.'s prior injuries allegedly withheld by Defendants. (Docket No. 61.)

Pending before this Court are six motions: (1) Defendant Frasier's motion to compel Plaintiff Abby Tiscareno's deposition (Docket No. 210); (2) Plaintiffs' motion to quash Defendant

Frasier's subpoena duces tecum (Docket No. 188); (3) Plaintiffs' motion to compel Defendant Frasier's admissions and interrogatory answers (Docket No. 202); (4) Defendant Frasier's motion for a protective order against further written discovery (Docket No. 193); (5) Defendants' Beerman's and IHC's motion to quash Plaintiffs' fourth set of discovery requests, and for a protective order against further written discovery (Docket No. 225); and (6) Defendant Frasier's motion to extend the amended schedule deadlines (Docket No. 216). On November 5, 2012, the Court heard oral argument on these motions.

## II. ANALYSIS

### A. Defendant Frasier's Motion to Compel Plaintiff Abby Tiscareno's Deposition

Defendant Frasier moved to compel Plaintiff Abby Tiscareno's deposition about her care of N.M., the events giving rise to N.M.'s injuries, and the criminal prosecution giving rise to the current lawsuit. (Docket No. 210.) Where a deponent fails to answer a deposition question, the moving party may file a motion to compel the answer, after certifying it has in good faith conferred or attempted to confer with the other side. Fed. R. Civ. P. 37(a)(3)(B)(i).

Defendant Frasier argues the deposition is relevant because, if it demonstrates probable cause existed to prosecute Ms. Tiscareno for child abuse, her malicious prosecution complaint against Defendant Frasier, which requires a lack of probable cause, would fail. (Docket No. 211 at 3.) Plaintiffs mainly oppose the deposition because they argue the parties never met and conferred prior to Defendant Frasier's motion. (Docket No. 215 at 1.)

The Court GRANTS the motion. (Docket No. 210.) Substantively, such a deposition is relevant to refuting Plaintiffs' malicious prosecution claim. Procedurally, the Court believes a February 14, 2012 meeting between parties' counsel, at which Plaintiffs' counsel Ms. Kathryn

Collard indicated she would not permit the deposition (Docket No. 211 at 3), satisfies the meet and confer requirement.

As such, the Court DENIES Plaintiffs' request for sanctions. (Docket No. 215 at 1.) However, the Court will NOT AWARD Defendant Frasier reasonable expenses incurred in bringing the motion because it finds "other circumstances" make such an award "unjust." Fed. R. Civ. P. 37(a)(5)(A). Specifically, based on Ms. Collard's presentations, it appears she genuinely believed Defendant Frasier's counsel would discuss the legal basis of the deposition with her in more detail before filing a motion to compel. (Docket No. 215 at 4.)

**B. <u>Plaintiffs' Motion to Quash Subpoena Served by Defendant Frasier</u>**

Defendant Frasier served a subpoena duces tecum on nonparty Earl G. Xaiz for a "complete copy" of Mr. Xaiz's file relating to his representation of Ms. Tiscareno at her first, criminal prosecution. (Docket No. 188, Ex. 1.) A party may subpoena a nonparty to produce documents, Fed. R. Civ. P. 45(a)(C)-(D), but it must first serve notice of the subpoena "on each party" to the action. Fed. R. Civ. P. 45(b)(1). *See also* DUCIVR 45-1 (requiring service of a subpoena on parties at least eight days prior to service of the subpoena on a nonparty).

Plaintiffs objected to the subpoena, and filed a motion to quash it because it was not properly served on them, and it was cumulative where most of the documents in Mr. Xaiz's file had previously been produced in discovery. (Docket No. 188 at 2-3.) Plaintiffs also moved for an award of attorney's fees and costs incurred in bringing their motion. (Docket No. 188 at 2.)

At the November 5, 2012 hearing on this motion, Defendant Frasier's counsel, Mr. Andrew Morse, conceded he failed to serve the subpoena on Plaintiffs prior to serving it on Mr. Xaiz. He also conceded the subpoena should have been better tailored.

Given the subpoena's admittedly defective service, and overbroad content, the Court GRANTS Plaintiffs' motion to quash the subpoena duces tecum served on Mr. Xaiz, and does so QUASH it. (Docket No. 188.) Defendant Frasier is free to serve Mr. Xaiz a new subpoena as she sees fit. However, the Court DENIES Plaintiffs' request for attorney's fees in bringing the motion. The Court does not believe the conduct gives rise to awarding attorney's fees, although it is concerned with Mr. Morse's admitted failures to follow proper subpoena guidelines.

### C. Plaintiffs' Motion to Compel Defendant Frasier's Admissions & Interrogatory Answers

Pursuant to Fed. R. Civ. P. 37, Plaintiffs filed a motion to compel forty of Defendant Frasier's admissions, and sixty-five of her interrogatory answers because Plaintiffs found her objections and responses to the requests for admissions and interrogatories were insufficient, evasive, and incomplete. (Docket No. 202.) Plaintiffs also sought sanctions against Defendant Frasier. (*Id.* at 2.)

Defendant Frasier opposed the motion to compel by claiming she spent considerable time and money sufficiently responding to the requests for admissions and interrogatories. (Docket No. 206 at 2.)

After reviewing the disputed discovery requests and responses, this Court DENIES Plaintiffs' motion to compel. (Docket No. 202.) Given the late stage of litigation in this case, the Court believes a deposition of Defendant Frasier would better provide Plaintiffs the information they seek. As such, the Court DENIES Plaintiffs' request for sanctions. However, the Court will NOT AWARD Defendant Frasier reasonable expenses in opposing Plaintiffs' motion to compel because it finds "other circumstances" make an award "unjust" where Plaintiffs' counsel filed the motion in a genuine effort to narrow the issues for trial. Fed. R. Civ. P. 37(a)(5)(B).

**D. <u>Defendant Frasier's Motion for Protective Order Against Additional, Written Discovery</u>**

Pursuant to Fed. R. Civ. P. 26(c)(1), Defendant Frasier moved for a protective order "prohibiting plaintiffs from serving any further written discovery requests upon her." (Docket No. 193 at 1.) In light of the amended scheduling order issued below, the Court DENIES Defendant Frasier's motion. (Docket No. 193.)

**E. <u>Defendants' Beerman's and IHC's Motion to Quash Plaintiffs' Fourth Set of Discovery Requests & Motion for Protective Order Forbidding Additional, Written Discovery</u>**

Defendants Beerman and IHC moved for a protective order "prohibiting Plaintiffs from serving additional written discovery," and "quashing Plaintiffs' fourth set of discovery requests to Intermountain." (Docket No. 225 at 2.) Specifically, Defendants Beerman and IHC argue Plaintiffs' fourth set of discovery requests, which consists of twelve interrogatories and twenty-one document production requests, should be quashed because it is oppressive and unduly burdensome. (Docket No. 226 at 5.)

In their opposition, Plaintiffs persuasively argue discovery is warranted because Defendants are the "only source of information" for N.M.'s medical records (Docket No. 229 at 7-8), and the fourth set of discovery requests is a follow-up effort to clarify previous discovery responses Plaintiffs received from Defendants.

This Court agrees with Plaintiffs' position, and DENIES Defendant Beerman and Defendant IHC's motion to quash Plaintiffs' fourth set of discovery requests. (Docket No. 225.) In light of the amended scheduling order below, the Court DENIES Defendant Beerman and

Defendant IHC's motion for a protective order against further, written discovery. (Docket No. 225.)

### F. Defendant Frasier's Motion to Extend Deadlines in Amended Scheduling Order

Defendant Frasier moved to extend the deadlines in the amended scheduling order because of discovery disputes. (Docket Nos. 216; 217 at 2.) Plaintiffs responded by seeking to vacate all discovery and other deadlines in the amended scheduling order pending resolution of these discovery motions. (Docket No. 218.)

Fed. R. Civ. P. 16(b)(4) allows a judge to modify a scheduling order for "good cause." Because the trial in this matter is fast approaching, the Court finds good cause to GRANT Defendant Frasier's motion to extend the deadlines in the amended scheduling order. (Docket No. 216.) The deadlines are listed in the new, amended scheduling order below.

### III. CONCLUSION

For the reasons discussed above, **IT IS HEREBY ORDERED:**

1. Defendant Frasier's motion to compel Plaintiff Abby Tiscareno's deposition regarding her care of N.M., the events giving rise to N.M.'s injuries, and the criminal prosecution giving rise to the civil suit is **GRANTED**. (Docket No. 210.) Plaintiffs' request for sanctions related to Defendant Frasier's motion to compel is **DENIED**. The Court will **NOT** award Defendant Frasier reasonable expenses in bringing the motion.

2. Plaintiffs' motion to quash the subpoena duces tecum served on Mr. Xaiz by Defendant Frasier is **GRANTED**. (Docket No. 188.) The subpoena is hereby **QUASHED**. Plaintiffs' request for attorney's fees related to bringing the motion is **DENIED.**

3. Plaintiffs' motion to compel Defendant Frasier's admissions and interrogatory answers is **DENIED**. (Docket No. 202.) Plaintiffs' request for sanctions related to the motion is DENIED. The Court will **NOT** award Defendant Frasier reasonable expenses in opposing the motion.

4. Defendant Frasier's motion for a protective order against further, written discovery is **DENIED**. (Docket No. 193.)

5. Defendant Beerman's and Defendant IHC's motion to quash Plaintiffs' fourth set of discovery requests, and for a protective order against further, written discovery is **DENIED**. (Docket No. 225.)

6. Defendant Frasier's motion to extend the deadlines in the amended scheduling order is **GRANTED** as outlined in the amended scheduling order below. (Docket No. 216.)

**IT IS FURTHER ORDERED** that the parties comply with the following discovery SCHEDULING ORDER, subject to any modifications District Judge Waddoups sees fit to make:

AMENDED SCHEDULING ORDER

1. Fact discovery deadline: December 31st, 2012
2. Rule 26(a)(2) expert reports deadline: January 15th, 2013
3. Dispositive motions deadline: February 11, 2013
4. Expert discovery deadline: March 15, 2013

All other matters set forth in the March 17, 2012 scheduling order (Docket No. 192) shall remain without change.

DATED this 6th   day of November 2012.

_____
Dustin Pead
United States Magistrate Judge