IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ABBY TISCARENO, et al.,<br><br>　　　　　Plaintiffs,<br><br>v.<br><br>LORI FRASIER, et al.,<br><br>　　　　　Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFFS' OBJECTION TO ORDER COMPELLING DEPOSITION OF ABBY TISCARENO AND DENYING PLAINTIFF'S OBJECTION TO THE AMENDED SCHEDULING ORDER**<br><br>Case No.  2:07-cv-336<br><br>Judge Clark Waddoups |

## INTRODUCTION

Before the court are Plaintiffs' (1) Objection to Order Granting Defendant Frasier's Motion to Compel Abby Tiscareno To Answer Questions Regarding Her Care of N.M. and the Criminal Trials Giving Rise to this Lawsuit [Dkt. No. 255] and (2) Objection to Magistrate's Order Amending Scheduling Order [Dkt. No. 256]. For the reasons discussed below, the court VACATES the portions of the Magistrate Judge's Order dated November 6, 2012 granting Defendant Frasier's Motion to Compel the Deposition of Abby Tiscareno and denying Plaintiffs' Motion for Sanctions under DUCivR37-1(c) [Dkt. No. 254] and hereby DENIES Defendant Frasier's Motion to Compel and GRANTS Plaintiffs' Motion for Sanctions. The court also AFFIRMS the portions of the Magistrate Judge's Order amending the Scheduling Order.

1

## DISCUSSION

Where the court has directed that pretrial matters are to be considered by a Magistrate Judge under 28 U.S.C. § 636(b)(1)(A), the court may reconsider any "clearly erroneous" disposition of such matter. Upon review of the parties' submissions relating to Defendant Frasier's Motion to Compel and Plaintiffs' Response thereto, the court holds that the Magistrate Judge's finding that Defendant Frasier had appropriately complied with the "meet and confer" requirement applicable to motions to compel discovery is clearly erroneous.

The Federal Rules of Civil Procedure require that a party moving to compel discovery must "certify that the party has in good faith, conferred or attempted to confer with the person or party failing to make disclosures or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). Additionally, this court's local rules provide that a party moving to compel discovery must file "at the time of filing the motion, a statement showing that the attorney making the motion has made a reasonable effort to reach agreement with opposing attorneys on the matters set forth in the motion. Such statement must recite, in addition, the date, time, and place of such consultation and the names of all participating parties or attorneys." DUCivR 37-1(a).

In a meeting of parties' counsel on February 24, 2012, Plaintiffs' counsel indicated her preliminary view that a deposition of Abby Tiscareno would be inappropriate because the information sought would be "legally irrelevant to the parties' claims and defenses." (Pl.'s Obj. to Order Granting Def. Frasier's Mot. to Compel Depo. of Abby Tiscareno, 4 [Dkt. No. 255].) Defendant Frasier's counsel responded by telling Plaintiffs' counsel that he wanted to do legal research about those issues. (*Id.*) On February 26, 2012, Plaintiffs' counsel emailed a letter to Defendant Frasier's counsel repeating Plaintiffs' understanding that Defendant's counsel wished

to do legal research about the issues and requesting that Defendant's counsel let Plaintiffs' counsel know the outcome. (*Id.*) The appropriateness of Plaintiffs' counsel's willingness to wait and see the results of Defendant Frasier's counsel's further legal research about this complex issue is supported by the authorities cited by Plaintiffs that the evidence relevant to probable cause is limited to facts known to the prosecution at the time the charges are brought. (Pl.'s Obj. to Order Granting Def. Frasier's Mot. to Compel Depo. of Abby Tiscareno, 7-11 [Dkt. No. 255].)[1] Notwithstanding the failure of Defendant Frasier's counsel to respond to this correspondence at all or to revert as to the outcome of his legal research, Defendant Frasier filed the present Motion to Compel on April 23, 2012 together with an affidavit from Defendant Frasier's counsel claiming that he had tried to fulfill his "meet and confer" obligations with Plaintiffs' counsel. (*Id.*) The absence of an averment in the accompanying affidavit that Defendant Frasier's counsel had attempted to meet and confer "in good faith" is telling based on the facts here.

The February 24, 2012 meeting in which Plaintiffs' counsel indicated her preliminary view that a deposition of Abby Tiscareno would be inappropriate cannot provide the basis for Defendant Frasier's counsel to claim that he has met his obligation to meet and confer in good faith with Plaintiffs' counsel about this issue. This fact is insufficient precisely because Defendant Frasier's counsel appears to have intentionally delayed final resolution of the issue at that time by expressing his desire to research the issue in order to respond to Plaintiffs' counsel about her position that the deposition of Abby Tiscareno would be "legally irrelevant to the parties' claims and defenses." Defendant Frasier's counsel then failed to respond to Plaintiffs' counsel's promptings about the outcome of this research and invitation to discuss the matter

---

[1] The court declines to consider this issue on appeal of the Magistrate Judge's ruling because it was not raised before him.

further. On this basis, the court does not find the meet and confer requirements to have been fulfilled or correctly certified here. In fact, this course of conduct appears to constitute the type of calculated delay tactic that the rules are meant to discourage in an effort to encourage substantive discussion of a relevant legal issue in advance of confronting the opposing party with a motion to compel. The Motion to Compel is therefore DENIED.[2]

It follows that the court also hereby GRANTS Plaintiffs' Motion for Sanctions relating to responding to the Motion to Compel, including preparing and filing their Objection to the Magistrate Judge's Order relating to the Motion to Compel. Plaintiff shall be awarded appropriate attorney's fees and costs to be established by further submission of Plaintiff's counsel to the court. On or before December 28, 2012, Plaintiffs' counsel shall submit a written request for the amount of attorney's fees awarded, supported by an affidavit and other evidence documenting the fees reasonably incurred in opposing the Motion to Compel and preparing their Objection to the Magistrate Judge's Order. Defendant Frasier's counsel may file an opposition or objection as to the amount on or before January 13, 2013.

As to Plaintiffs' Objection to the Amended Scheduling Order [Dkt. No. 256], the court agrees with the Magistrate Judge's decision and reasoning and AFFIRMS that portion of the Order relating to amending the dates in the Amended Scheduling Order, subject to further amendment by the Magistrate Judge upon submission of the parties.

## **CONCLUSION**

The court VACATES the portions of the Magistrate Judge's Order dated November 6, 2012 [Dkt. No. 254] granting Defendant Frasier's Motion to Compel the Deposition of Abby Tiscareno and denying Plaintiffs' Motion for Sanctions. Accordingly, the court hereby DENIES

---

[2] Moreover, for guidance to the parties, the court notes its view that, as argued by Plaintiffs in their Objection [Dkt. No. 255], a deposition of Plaintiff Abby Tiscareno would not be relevant to an examination of whether there was probable cause for her arrest at the time of her arrest.

Defendant Frasier's Motion to Compel and GRANTS Plaintiffs' Motion for Sanctions. The court also AFFIRMS the portions of the Magistrate Judge's Order amending the Scheduling Order.

SO ORDERED this 10th day of December, 2012.

BY THE COURT:

_____
Clark Waddoups
United States District Judge